The Honorable Ted Mullenix State Representative 140 Riverside Drive Hot Springs, AR 71903
Dear Representative Mullenix:
This is in response to your request for an opinion on two questions concerning the applicability of the Arkansas Freedom of Information Act ("FOIA") to the Hot Springs Village Property Owners' Association ("HSVPOA"). It is noted in correspondence attached to your request that Hot Springs Village is an unincorporated private community and that HSVPOA operates its own police department, sanitation, water and sewer department, and road departments with private corporation funds and specifically without any public funds. It is stated that the fire department operates without public funds, although HSVPOA firemen do participate in the statewide Arkansas Local Police and Fire Retirement System (A.C.A. § 24-10-101 et seq.), commonly referred to as "LOPFI." It is also my understanding that several HSVPOA firemen are members of a local firemen's pension and relief fund.
Your specific questions in this regard are as follows:
 1. HSVPOA firemen do participate in the state mandated firemen's pension and retirement system which is, of course, funded by the insurance premium tax authorized by Arkansas Code Section 26-57-601. Does the participation by the firemen in this system constitute the receipt and/or spending of `public funds' so as to subject HSVPOA and its governing Board of Directors to the provisions of the Arkansas Freedom of Information Act (A.C.A. § 25-10-101 et seq.)?
 2. At the present time, HSVPOA Fire Department does not request or receive any funds from the quorum courts of Garland or Saline Counties under authority of Act 833 of 1991 (Arkansas Code Section 14-284-401 et seq.). Would the participation of HSVPOA Fire Department in the requesting and receiving funds under this Act subject HSVPOA to the provisions of the Arkansas Freedom of Information Act?
It is my opinion that the answer to your first question is in all likelihood "no." Participation by the firemen in LOPFI and in a local pension fund would not, in my opinion, subject HSVPOA and its board of directors, generally, to the FOIA. Even if the direct public funding element is met by virtue of the distribution of insurance premium tax revenues (see A.C.A. §§ 26-57-609 (Supp. 1995) and 24-11-810 (Repl. 1992)),[1] this does not mean that all records and meetings of HSVPOA are thereby open under the FOIA. As stated by a recognized commentator on the FOIA, following a review of the case of City of Fayetteville v.Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990), "a private organization that enjoys only partial financial support from government is only partially bound by FOIA requirements. That is, the act will apply only to records and meetings `relevant to [the] task' for which a private contractor is hired or a nonprofit corporation receives a government grant." J. Watkins, The Arkansas Freedom of Information Act 41 (2d ed. 1994).
While fact questions may therefore arise regarding the FOIA's applicability to particular records or meetings involving the firemen's pension and retirement system, depending upon the actual flow of funds, it is my opinion that the public support of that system will not subject all records and meetings of HSVPOA to the FOIA.
In response to your second question involving funding under A.C.A. §14-284-401 et seq. (Supp. 1995), HSVPOA's application for and receipt of such funds would, it seems, constitute the type of direct public support that will subject a private entity, at least partially, to the FOIA. The services provided by the HSVPOA fire department are obviously of public concern and closely aligned or intertwined with government. See TheArkansas Freedom of Information Act, supra at 36-38 (discussing application of the "public funds" provision to private organizations). The receipt of public funds for the support of those services would, in my opinion, likely trigger the FOIA as to records and meetings relevant to such services. As noted above, however, this does not mean that the FOIA will apply, generally, to all records and meetings of the HSVPOA. Rather, this would probably constitute partial financial support, and thus only partially bind HSVPOA to FOIA requirements. See The ArkansasFreedom of Information Act, supra at 41.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It is clear, following the case of Sebastian County Chapter of theAmerican Red Cross v. Weatherford, 311 Ark. 656, S.W.2d 641 (1993), that direct funding is an essential element to application of the FOIA. Indirect government assistance or support will not trigger the act. Thus, unless there is some direct flow of funds to HSVPOA by virtue of the firemen's participation in a publicly supported pension or retirement system, it is unlikely that such participation will trigger access to any records or meetings of HSVPOA. There would be no partial, let alone general, public support of HSVPOA in that instance.